UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN WESOLEK,

    Plaintiff,

v.	Case No. 3:25cv828-LC-HTC

SGT LEWIS, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Steven Wesolek, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an "Emergency Motion for Preliminary Injunction or Temporary Restraining Order." Doc. 15. The motion seeks to have the Court "intervene," presumably to stop alleged retaliation by prison officials, some of whom are "friends" of Defendant Sgt. Lewis, and none of whom are defendants in this action. *Id.* Upon consideration, the motion should be DENIED because it relates to events that are not at issue before the Court and seeks injunctive relief against persons who are not parties to this action.

Wesolek filed this action against Defendants Sgt. Lewis and two John Does for monetary relief arising out of an alleged use of force incident occurring on February 28, 2025. Doc. 8. Wesolek's motion, however, seeks relief for retaliatory conduct that allegedly occurred after the excessive force incident and involved

officers who are not defendants in this action.[1] For example, Wesolek complains about a false disciplinary report from Sgt. McCliene on March 16, 2025, and a second false disciplinary report from Sgt. Bliss on April 3, 2025.[2] A claim for injunctive relief, however, "must relate in some fashion to the relief requested in the complaint." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005). Moreover, "courts may not enter injunctions against persons or entities that were not party to the litigation before them." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (11th Cir. 2012). Because Wesolek's motion does not relate to the monetary relief requested in the complaint and does not involve parties to this litigation, the motion should be denied.

Also, although Wesolek indicates he filed grievances about the retaliatory acts, a couple of the retaliatory acts occurred *after* Plaintiff already filed this suit, and thus, he could not have exhausted his administrative remedies for such actions.[3] *See McDaniel v. Crosby*, 194 F. App'x 610, 614 (11th Cir. 2006) (affirming denial of prisoner's request for injunctive relief because he failed to exhaust his

---

[1] Although Wesolek claims to be seeking a "temporary restraining order" against the Defendants as well, neither the amended complaint nor the motion include any allegations of retaliatory conduct by the Defendants.

[2] Wesolek's motion also contains allegations relating to incidents occurring in April when Officer Wentz and an unknown officer put gang members in the cell with Wesolek and encouraged them to injure Wesolek.

[3] Wesolek filed this suit on June 16, 2025. The retaliatory conduct Wesolek alleges includes being told by Officer Hendrickson on July 30, 2025, that a disciplinary report was coming because Lewis was his friend and "plaintiff won't get a way with what he did," and being served with the disciplinary report on August 5.

Case No. 3:25cv828-LC-HTC

administrative remedies before filing suit and, thus, he could not show a substantial likelihood of success on the merits).

Accordingly, it is RECOMMENDED that Wesolek's motion for injunctive relief (Doc. 15) be DENIED.

At Pensacola, Florida, this 21st day of August, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.